I had awful feedback. What's going on? And why can't I have that screen? I'd rather have that screen than this screen. Good morning, Your Honor. Cheryl Mayers Booth, representing Hugh Stevens. This is a feud from Mr. Stevens' denial of independent police motion by the district court. The government had conceded that the district court applied the wrong standard when it found that there were no extraordinary controlling reasons for Mr. Stevens' release. As this court will remember, Mr. Stevens was then 73. He's now 75. He's an insulin-dependent diabetic, locked up in a private prison in Texas, 1,600 miles from his family where he has not had a visit in over five years. And now he has difficulty because many of his family members are in Canada and using the phone system. The government, despite recognizing the error made by the district court in applying the wrong legal standard, wanted remand. I opposed that. I did not think that remand would lead to a different result. What results do you prefer? Your Honor, we've all just received a release, and we believe that... Counsel, excuse me. First of all, what order of the district court do you contend is on appeal now before this court? Judge, I'm sorry. I didn't hear your full question. Oh, I'm sorry. Let me repeat it. Can you hear me now? I can. Thank you. What order of the district court do you contend is on appeal before this court now? I thought I appealed on each of the prior decisions. There were two counts. Your notice of appeal doesn't quite say that, actually. Your notice of appeal says, Notice is hereby given that Hugh Stevens appeals to the United States Court of Appeals from the order, Decision Design Compassionate Release, entered January 6, 2021. We're quite careful, I think properly so, to put the date of the order. Now, January 6, 2021 is the date of the denial of reconsideration, is it not? It is. Okay. So when your notice of appeal says, by date, that's what you're appealing, aren't we invited to understand that that's what you're appealing? Yes. Rather than, as you said earlier, all three decisions. Yes, Judge. When I filled out the notice of appeal, it wasn't, in fact, my intent to challenge Judge Stevens' denial of compassionate release. And he had denied them two prior decisions and then most recently in January when I asked him to reconsider. So that was my error when I filled out the notice of appeal. Well, I'm not suggesting it's an error. I'm just suggesting that it is the document that in court that what is identified in a notice of appeal is and is only what is in front of an appellate court. I'm not quarreling with you. I'm just trying to be precise as to what you appeal. Thank you. Okay. Now, to the extent that's before us, is it fair to say, reading your motion for reconsideration in the district court, that the only ground you gave the district court to reconsider is the fact that a district judge in another case had released a prisoner, had given compassionate release to another prisoner? That was your ground for reconsideration, correct? Yes, that was a ground for reconsideration, Judge. And is that a valid ground to require reconsideration? Judge, I thought it was because I thought that manifest injustice had been done to Mr. Stevens and that would be a ground for a judge to grant reconsideration of his prior offences. But the other court— All right. All right. I'm not quarreling again with your right to think that. But if we were to disagree with you and think that a decision of another district judge in another case does not, is not a valid ground of reconsideration, in that event, is there anything left of yours to go back to? So, Judge, I think I understand where you're coming from. It was not my intention when I moved for reconsideration to say that Judge Torres' decision had a precedential binding effect on the Western District of New York. I simply raised it because the results were so disparate. And the prisoner in Judge Torres' case was in the same flightline prison as Mr. Stevens. Isn't that true? That is true, Your Honor. So that made it very similar. It is impossible for me to explain to Mr. Stevens' family why there were these disparate results. I understand that. I take your point that it is a somewhat similar decision, albeit by another district judge in another court. I'm just simply trying to clarify that it appears that that other decision was the only ground that gave Judge Stretton for reconsidering his prior decision. Judge, it was not my intention, to be honest with you, and perhaps it's my failure as an attorney, to reconsider my decision once because there was no COVID in the prison. You then denied it twice once there was COVID in the prison. Now I want to reconsider based on this new case, just that it was another development that I thought, in fairness, Judge Stretton, you should consider. So I didn't want to make it exclusive. I get that. I understand that. And I'm not quarreling at all with your putting it to him. But I guess, to be candid, I am suggesting that it is doubtful that the decision of a judge in another case requires a district judge to reconsider. And we can only reverse him if he made an error. It was my intention to point out that he had made an error in his analysis of the first two decisions, and I asked him to reconsider. But those are not on appeal, are they? I thought we got past that. It was my intention to appeal all of it, and if I made an error on the most of the appeal, then I'd ask this court to overlook it and consider, in fact, what my intention was, which I think is clear from the briefing that I was challenging all of the prior decisions, not just the non-appeal consideration. Is the—are you even in time to try to now appeal the earlier one, the first one? The judgment on the first one was entered in May of 20— Yes, Your Honor, but we have re-read all of the same issues. The only reason that—excuse me—one of the reasons that the judge used to deny that first one was because he said there was no COVID in the prison, and then we re-read— That may be his reason, but he entered that back in May. How can you possibly now appeal a May 2020 decision? I'm not asking you to specifically appeal that. What I'm saying is all of those arguments were reincorporated into the second motion for compassionate release, and when we asked the judge to reconsider his decision on that motion, which he would not do, all of the same arguments had been raised and re-briefed to some extent. So then he was familiar with what we were asking for. We're asking for Mr. Stevens to be released from that prison in Texas. Oh, well, of course. I fully understand the relief you want. The question is, what reconsideration, and gave him only the reason that there was a due decision by a district judge in another case, can we say he erred? I understand where you're coming from, but this is a workout for him to fill out the notice of appeal to make it clear. Let me ask you a question then. Can you prevail if we can find this appeal to the motion, the denial of the motion for reconsideration? Yes. You can? Okay. How do you prevail? We believe that Judge Stratton overlooked, well, let me say it this way. We believe that Judge Stratton used the Juan Lugo standard and that he shared common reasons for Mr. Stevens' release. Then it's clear from this court's many decisions since he should have looked at the 35 to 53 pay factors. The government claims he did not. But on reconsideration, all you asked him to do was look at the other result in a different case. He did that and said that's not enough. You're right. So can you prevail on that limited issue? If the court is going to circumscribe it that way, I don't think I can. I think that wasn't my intention. No, I understand that. Yes, but I'm just trying to understand. Thank you. Thank you. I reserve four minutes for rebuttal. Oh, there's a, Judge Newman? No, go ahead. She'll be back. Good morning, Your Honor. Good evening. Please look forward. My name is Tiffany Lee and I represent the United States. Obviously, I don't think the government could be more clear in terms of this position that we believe the best course is to allow the Supreme Court, at the very least, an opportunity to make a determination on a section of the 35 to 53 pay factors. So you're waiving any timeliness issue, is that correct? Timeliness issue in terms of the underlying appeal? Yes. We would be. At the end of the day, the government concedes error. It's not as framed by these minor groups that are saying the district court error. We're saying we're here. From the get-go, at that juncture of Mr. Stephen's second motion, pursuant to Title 18 of the United States Code, Section 35-52-C1A, we should have responded to that, yes, diabetes could constitute an extraordinary disorder. Together with his age. Pardon? Together with his age. Together with his age, correct. Correct. The issue you're now mentioning, the government change of position, that relates to the second motion that the passionate believes, does it not? Correct. It relates to the second motion. And is the denial of that motion before us? It, given this court's agreement of a more visible appeal, I would say not. But, you know, again, because we erred in how we proceeded on that motion, we would waive any objection, you know, vis-a-vis timeliness. But obviously— I'm not suggesting the motion that we consider is out of time. Indeed, it's not out of time. It's quite timely. The question before us is, on the appeal from the denial of that motion, did the district court err? And you are telling us that the government changed its position as to a prior appeal. Right? That's correct, Your Honor. We did. Why should your position on a prior appeal give us a basis to say the judge erred in this appeal? Correct. So, first and foremost, that—the first initial decision came out, I believe, in November of 2020. And so, no notice of appeal, I would believe, had been filed with that original decision. You're correct. I mean, there's nothing that we're saying here that would provide a basis for you to look at any error on the government's part. These are the opposition on— Is there a way to get to consider or review the conceded error? If we could find the notice of appeal to the denied motion for reconsideration. I don't know. If you find the notice of appeal limited to the denial of the motion for reconsideration, then that's the only issue on the field. So— Let me ask you this. I could understand, and it's very commendable, that the government is, at least today, in a very sympathetic frame of mind. I'm glad to see that and hear it from you. But if we—but we encounter some obstacles of a jurisdictional nature. So, what I'm asking you is, why, if you want to be helpful to this prisoner and get him out of a COVID environment, why instruct the Bureau of Prisons to release him to home confinement to finish his sentence? That's not—it's not the government's—basically, the home confinement process is the one which is limited to the Bureau of Prisons. Secondly, I don't want— Aren't they a part of the Department of Justice? They are, Your Honor, but I don't want—I don't want this issue to be overstated. It's not that we're conceding error in how we conducted the public— So, it's not that you— —process. I'm not sure it is. But in any event, because of your error in a prior case, you want this person out of where he is now, right? No, no, no, no. No? No. Because our position is, we still would have argued that Mr. Stevens should remain—insert the remainder of the sentence, based on an evaluation of Section 35 that he was bringing up. Oh, so you're not—you're not in favor of his getting compassionate release at this point, is that right? You see a procedural error on the part of the government in connection with the failure to go through the factors and the failure to regard his particular physical condition as an exceptional circumstance, right? I don't know if it's a procedural error. What it was is it deprived the district court of the opportunity to examine our changed position. Right. It's our position that changed from the summer of 2020 into the fall of 2020. So, the district court did not have the opportunity to hear from the government that we have now changed. Because someone now needs a CDC risk factor to suffer a more severe case of illness if he or she contracts COVID, then we are conceding the first prompt of the 35 years you see in Section 38.8 and that's the extraordinary compulsion. But you're not conceding the second. No, we're not. What we're saying, though, is that this court cannot—even if you were to say, based on the first appeal, let's not—let's take the motion for reconsideration out of it, even if you were to state there's a corrective error in making that determination that Mr. Stevens did not present to Chardin, whose own reasons, release is still not mandated. Under 35 years later. No one can release him. And still, there's been an analysis of the Section 35.8. Right. When you say that in your papers, and you cite Roney, Roney is a case where compassionate relief was denied. Is that correct? In—Roney was a case where compassionate relief was denied. Okay. Have we ever said a court must consider all factors prior to the denial? I think you've definitely spoken to the fact that the Section 35.83A analysis is mandated. I mean, basically, Roney— Where did we say that? I think Roney uses the instruction that a district court must look to the applicable Section 35.53A factors, and then also, more recently, in a couple of similar orders, you have noted the significance of the Section 35.83A. Just a minute. Just a minute. Do you believe the word must is in that order? I think it is on page 850, but it's in the section where it's in— It's in your brief, but I'm not sure it's in the court's order. Your Honor— And the government's position, not just your position. Ms. Lee, is that it's a mandatory understanding that there might be a difference, but your view is that the district courts should, in every case involving compassionate release petitions, go through the 35.53A analysis. Because that's what the statute says. That's—I mean, this is—the statutory language basically states that, you know, district court may not modify its sentence. Here, I'm trying to pull the language so I can read it. Yeah. So, basically, if you read Title 18 in the United States Code, Section 35.82B.1.8, little i, it starts, the court may not modify the term of imprisonment once it has been imposed. They set that, and then go all the way down to the comma that talks about the year of prison, and then it says, after considering the factors set forth in Section 35.53A to the extent they are applicable, if it finds that little i, extraordinary and compelling reasons, warrant such a reduction. Right. So what the statute is telling us is that if a judge is of a mind to grant compassionate release, he or she can't do it without a careful examination of the factors. But this judge, even on the first and second rulings, denied compassionate release. So why does a judge have to touch all the bases on a denial? I can understand touching the bases before there's a grant. That's what the statute seems to say. You can't, as you just read, you can't modify or reduce what you do, but go through the steps. It doesn't say, and before denying it, you must make an elaborate analysis, does it? No, it does not. I agree with you. But who says that? No, no, Your Honor. I, you know, to the extent that my brief said that, I'm more, it was directed to that this court cannot reverse and release or do any action to reduce the sentence without the consideration of the statute. You're invoking Romney, I thought, for the proposition that the district judge erred in the second one, which is not even before us. But in the second one, the second denial, were considered all factors. Isn't that your position? No, no, I, again, again, our position is not that this report erred. Our position has been that we did, and that's why we just want remand, and that to the extent that this court were to find that this report did err, to the, no release can be made. Without the 3355. Without the consideration of the statute. Bottom line of that argument is, to the extent you erred, you erred only in the consideration of the second request for compassionate release, right? Correct. And that's not before us, is it? According to the way the notice of appeal is framed for this court's jurisdiction, I can take it that it is not squarely the case. Well, the government has been here many times reminding us of Supreme Court's decisions that say an appellate court is to consider the document specifically identified in the notice of appeal. You say that to us many times. And I'm, you know, that is generally the position. That's why the government, in the interest of fairness and everything, we frame this more as a reconsideration of the denial of the original motions. We should have looked more carefully, I guess, at the notice of appeal. But to any extent, we were really focused on the fact that we had made a misstep in our initial arguments before the district court. And so we just wanted to give the opportunity to get this back before the district court so the district court can have the full panoply of information. That's a really good question. Does anything stop you today from writing a letter to the district judge and saying, Judge, you ought to know that the government has changed its position somewhat on a matter that was before you. And in the event it prompts you to take any further action, we'd like you to know our new position. You can do that, can't you? Oh, we can do that. But the district court does not have jurisdiction. Currently. Because of the notice of appeal. He doesn't have jurisdiction of the denial of his motion for reconsideration. Yeah. But you can write him and just, not with respect to a motion. That's on appeal for reconsideration. But you can just tell him what you've told us. You think you either misled him or didn't fully inform him of your position on an earlier case. And he might be interested in that, or he might not. That's true. Nothing's stopped you from telling him. But we don't have to tell him he committed an error in a case where it looks like he didn't commit an error just to save you the trouble of writing that letter. Oh, no. And the government is not requesting that at all. To the extent that this court does not have any jurisdiction to look at beyond the denial of the motion for reconsideration, to the extent this court affirms, that's fine too. That's completely, the government has no objection to that. And we will continue to do that. First of all, when I asked you before about jurisdiction, you said the government was waiving its timeliness objections, if any. Is that correct? That is correct. Has the government changed? Wait a minute. Just a minute before you agree to that. Has anyone suggested that the appeal before us is untimely? Oh, no. When you say very nicely you're waiving timeliness objection, you're waiving an objection that nobody has made. That's correct, Mr. Newman. To the extent Ms. Meyers was going to file a notice to file that appeal at a time, the one that expired in November of 2020, in district court, this, the government would waive any objection. Counsel, has the government changed its position on whether Mr. Stevens should be released immediately? No, we've never changed our position that Mr. Stevens should be released. We have never been, we've never asserted the position to ask for Mr. Stevens' immediate release. His release date is January of next year. Is that correct? That's correct. And he is 75 years old now. He has diabetes. And the place where he's incarcerated is having COVID outbreaks. Isn't that all correct? That's not true. As of today, Big Springs has zero inmate infections. Flatline? Flightline? Sorry? The flightline. Flightline Big Springs in Texas. We're modeling that at the BOP website. Zero infections, two staff infections, 687 inmates recovered, 17 staff recoveries, and also, Tom, as information I've already provided to Ms. Myers too, it's our understanding that Mr. Stevens was offered and received the best. That was going to answer that. The persons are vaccinating? Yes, Mr. Stevens is vaccinated. Oh, is that so? He's received both doses. All right, thank you. Thank you. You've reserved a minute. I know. And I appreciate what the court was saying about the notice of appeal. Raising Judge Horst's decision was not the only basis for the judge to reconsider. We were asking him to reconsider his entire decision, and we were using that as an example of why we wanted the process that she did to show that she had considered all of the arguments that we had asked Judge Stratton originally in both of our motions to consider. And so, in light of the government's waiver of time limits, which we are attempting to file a notice of appeal of the decision, should the court decide that the only thing before you right now is the denial of the motion to reconsider, not the December 2020 decision by Judge Stratton denying Mr. Stevens' release? Well, I don't understand when you say that's not the law to raise. Paragraph two of your application says, we are respectfully requesting reconsideration in light of the decision and order issued by Judge Horst. That's what you told us. Reconsideration of all the arguments we've made in light of this decision. It doesn't say reconsideration of all the arguments. You want to reconsider in light of what Judge Horst did. And now you want us to say he made an error. I'm hard-clicked to see what error he made. The error, Judge, and perhaps I could have been more articulate and should have been, but I think from the history of the briefing and the judge's decisions, it was clear that he had gone through the analysis that Judge Horst then also did in Rojas. And so what I was saying was, we want you to reconsider the method of analysis that you're employing in light of the method that Judge Horst used in Rojas, because we thought that was correct. I'm not suggesting you did anything wrong at all. I'm just saying that he is not a reason that he errs when he defines the attempt. You did a fine job. You did the best you could for it. Thank you, Your Honor. But we would be anticipating filing a notice of appeal from the December decision. And so in light of that, and the government's waiver of any objection to that, we would ask the Supreme Court now to consider all of those issues, even— No, be careful. She didn't say she waived—she said she waived timeliness. And as it turns out, there is no timeliness arguable to make a factual appeal. She didn't say she waived everything, but indeed, quite insistent that she thinks he should not be released. That's true. I acknowledge that. She said she still wants to avoid the 3553A factors, which I think Judge Stratton had already covered in his second decision. I agree with you. I agree with you. Thank you. Thank you, Mr. Judgeman. So what you were suggesting is that you anticipate filing a new notice of appeal that covers the December or November decision and order, and you also anticipate that the government will not, to the extent that there's a timeliness issue with that appeal, will not object. That's exactly what I was trying to say. And then—okay. So for efficiency— But that's—but that is not before us. Not yet. Not yet. That is not before us right now. Thank you. Thank you both. I appreciate your appearing. Thank you.